**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF NORTH CAROLINA

Case number *(if known)* _____   Chapter __7__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **G and W Industrial Properties, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-2125190** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1205 Galleria Blvd.**<br>**Rock Hill, SC 29730** | **c/o WIlliam B. Lilly, Receiver**<br>**P.O. Box 1267**<br>**Rockingham, NC 28380** |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **York** | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | G and W Industrial Properties, LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

| Debtor | **G and W Industrial Properties, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Attachment** | | Relationship | |
|---|---|---|---|---|
| District | | When | Case number, if known | |

---

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

■  **Statistical and administrative information**

**13.  Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of creditors**

☐ 1-49
■ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15.  Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16.  Estimated liabilities**

☐ $0 - $50,000

☐ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

---

Debtor    **G and W Industrial Properties, LLC**                    Case number (*if known*)
          Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ■ $10,000,001 - $50  million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **G and W Industrial Properties, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | | |
|---|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. | |

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 17, 2023**
MM / DD / YYYY

**X** **/s/ William B. Lilly, Jr.**                                       **William B. Lilly, Jr.**
Signature of authorized representative of debtor          Printed name

Title    **Receiver**

**18. Signature of attorney**

**X** **/s/ James H. Henderson**                                Date    **July 17, 2023**
Signature of attorney for debtor                                        MM / DD / YYYY

**James H. Henderson 13536**
Printed name

**The Henderson Law Firm, PLLC**
Firm name

**2030 South Tryon Street**
**Suite H**
**Charlotte, NC 28203**
Number, Street, City, State & ZIP Code

Contact phone    **704.333.3444**          Email address    **henderson@title11.com**

**13536 NC**
Bar number and State

Debtor  **G and W Industrial Properties, LLC**
Name

Case number (*if known*)

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF NORTH CAROLINA

Case number (*if known*) _____    Chapter ___**7**___

☐ Check if this an
  amended filing

---

### FORM 201. VOLUNTARY PETITION

### <u>Pending Bankruptcy Cases Attachment</u>

| | | | | |
|---|---|---|---|---|
| Debtor | **Applied Machinery Sales, LLC** | | Relationship to you | **common ownership** |
| District | **WDNC** | When | Case number, if known | **to be filed 7.17.2023** |
| Debtor | **G and W Holding Company, LLC** | | Relationship to you | **common ownership** |
| District | **WDNC** | When  **7/17/23** | Case number, if known | **23-30453** |
| Debtor | **N935JC, LLC** | | Relationship to you | **common ownership** |
| District | **WDNC** | When | Case number, if known | **to be filed 7.17.2023** |

# United States Bankruptcy Court
### Western District of North Carolina

In re    **G and W Industrial Properties, LLC**

Debtor(s)

Case No.

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

I, the Receiver of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    **July 17, 2023**

**/s/ William B. Lilly, Jr.**

**William B. Lilly, Jr./Receiver**
Signer/Title

Alan W. Pope, Esq.
Moore & Van Allen PLLC
78 Wentworth Street
Charleston, SC 29401-2828


Applied Machinery Rentals, LLC
c/o Estate of Garth McGillewie
1205 Galleria Bld.
Rock Hill, SC 29730


Back to Normal, LLC
c/o Estate of Garth E. McGillewie, III
6260 Ocean Highway West
Ocean Isle Beach, NC 28469


Back to Normal, LLC
c/o Mr. Brian Smith
6260 Ocean Highway West
Ocean Isle Beach, NC 28469


Back to Normal, LLC
c/o Mr. Brian Smith
1 Craven Street
Ocean Isle Beach, NC 28469


Bradley Creek Marina
Attn: Jonathon Crews, Gen. Manager
6338 Oleander Drive
Wilmington, NC 28403


Bret Thrasher , Esq.
Aubrey Thrasher
1170 Peachtree St., NE, STE 1925
Atlanta, GA 30309


Charlie Livermon, Esq.
Womble Bond  et. al
555 Fayetteville St., STE 1100
Raleigh, NC 27601


Coastal States Bank
400 Galleria Pkwy, STE 1900
Atlanta, GA 30339

ConAgTech
61500 Watson Rd.
Saint Ignatius, MT 59865


Dana C. Lumsden, Esq.
Bradley Arant
214 N. Tryon St., STE 3700
Charlotte, NC 28202


David B. Wheeler, Esq.
Moore & Van Allen PLLC
78 Wentworth Street
Charleston, SC 29401-2828


Estate of Garth E. McGillewie, III
76 Wilmington Street
Ocean Isle Beach, NC 28469-7635


G and W Holding Company, LLC
c/o Estate of Garth McGillewie
8301 Marcliffe Court
Waxhaw, NC 28173


G and W Industrial Properties, LLC
c/o Estate of Garth McGillewie
1205 Galleria Blvd.
Rock Hill, SC 29730


Hydra-Machinery Company, Inc.
c/o Estate of Garth McGillewie
4544 Allison Creek Rd.
York, SC 29745


Intercoastal Financial Group
124 N 2nd St., STE A
Fort Pierce, FL 34950


Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Jill C. Walters, Esq.
Baker Donelson
Atty. For Security Bank
2235 Gateway Access Point, STE 220
Raleigh, NC 27607


John C. Woodman, Esq.
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203


Joseph A. Davies, Esq.
Smith Debnam
POB 176010
Raleigh, NC 27611-6268


Kevin A. Marshall, Esq.
Johnston Allison Hord
1065 East Morehead St.
Charlotte, NC 28204


Kiah T. Ford, Esq.
Parker Poe et al.
620 South Tryon St., STE 800
Charlotte, NC 28202


Lance P Martin Esq
Ward and Smith P A
1 N Pack Square
Asheville, NC 28801


Marina Mile Recovery, LLC
Attn: John Wickman, Pres.
4151 Ravenswood Road
Fort Lauderdale, FL 33312


Matthew W. Smith
The Finley Group
212 S. Tryon Street, STE 1050
Charlotte, NC 28281


McMullan Partners, LLC
d/b/a Ocean Isle Harbor
Attn: Rube McMullan, Reg. Agent
72 Craven Street
Ocean Isle Beach, NC 28469

Michael F. Anderson, Esq.
The Anderson Law FIrm
6000 Fairview Rd., STE 1200
Charlotte, NC 28210


N935JC, LLC
c/o Estate of Garth E. McGillewie
8301 Marcliffe Court
Waxhaw, NC 28173


NFS Leasing
900 Cummings Center, STE 226-U
Beverly, MA 01915


Paul A. Fanning, Esq.
Ward and Smith
POB 8088
Greenville, NC 27835-3009


SC Department of Revenue
301 S Grevais Street
Columbia, SC 29201


Shaun Michael Dye
1744 Sprinkle Court
Jacksonville, FL 32211


Stearns Bank, N.A.
4140 Thielman Lane, STE 105
Saint Cloud, MN 56301


Western Montana Land & Cattle Co.
50230 US HWY 93, STE 5
Polson, MT 59860


William B. Lilly, Jr.
174 Airport Road
Rockingham, NC 28379


York County Tax Collector
PO Box 116
York, SC 29745

# United States Bankruptcy Court
## Western District of North Carolina

In re    **G and W Industrial Properties, LLC**

Debtor(s)

Case No.

Chapter    **7**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **G and W Industrial Properties, LLC**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

July 17, 2023

Date

/s/ James H. Henderson

**James H. Henderson 13536**

Signature of Attorney or Litigant

Counsel for    **G and W Industrial Properties, LLC**

**The Henderson Law Firm, PLLC
2030 South Tryon Street
Suite H
Charlotte, NC 28203
704.333.3444 Fax:704.333.5003
henderson@title11.com**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 23- |
| G and W Industrial Properties, LLC | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

---

### STATEMENT REGARDING AUTHORITY TO SIGN AND FILE CHAPTER 7
### BANKRUPTCY PETITION

I, William B. Lilly, Jr., declare under penalty of perjury that I am the Receiver of G and W Industrial Properties, LLC, and that the following is a true and correct Statement regarding my authority to file this Chapter 7 proceeding for G and W Industrial Properties, LLC (the "Debtor").

1. Pursuant to the July 7, 2023 Order on Motion for Immediate Appointment of Receiver on Temporary Basis of the Union County, North Carolina Superior Court (the "Order"), I was appointed as a general receiver for the Debtor on a temporary basis pursuant to N.C. Gen. Stat. § 1-507.24(h). A copy of the Order is attached hereto as Exhibit A and is incorporated herein by reference.

2. Subsequent to my appointment as Receiver, I have spent a significant amount of time reviewing the financial affairs of the Debtor. The Debtor is insolvent and has significant assets and liabilities. It appears that there may be grounds for a trustee in bankruptcy to pursue one or more voidable transactions for the benefit of creditors.

3. It is in the best interests of the Debtor and the creditors thereof for the Debtor to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code.

4. I am authorized to execute and deliver all documents necessary to perfect the filing of a chapter 7 voluntary bankruptcy case on behalf of the Debtor, pursuant to the terms of the Order and N.C. Gen. Stat. § NCGS 1-507.28(b)(9).

Date: July 17, 2023 _____     Signed _____

**William B. Lilly, Jr., Receiver**

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
COUNTY OF UNION                SUPERIOR COURT DIVISION

FILE NO. 23-CVS- 1807

UNION COUNTY
FILED
JUL 07 2023
AT 11:16 A M
BY SCH
CLERK OF SUPERIOR COURT

STEARNS BANK, N.A.

    PLAINTIFF,

VS.

WENDY DAWN MCGILLEWIE,
EXECUTOR OF THE ESTATE OF
GARTH ERROL MCGILLEWIE JR.,
WENDY DAWN MCGILLEWIE,
INDIVIDUALLY, GARTH ERROL
MCGILLEWIE III, G AND W
HOLDING COMPANY, LLC; G AND W
INDUSTRIAL PROPERTIES, LLC;
N935JC, LLC; AND STATELINE
RENTALS, LLC,

    DEFENDANTS

ORDER ON MOTION FOR
IMMEDIATE APPOINTMENT OF
RECEIVER ON TEMPORARY
BASIS

    The Court heard this matter on July 7, 2023 upon Plaintiff Stearns Bank N.A.'s Ex Parte Motion for Immediate Appointment of Receiver on Temporary Basis Subject to Further Review ("Receivership Motion") for G and W Holding Company LLC, G and W Industrial Properties LLC, and ~~N935JC, LLC~~ (collectively, the "Receivership LLCs"). *(ms)*

    Based on the Receivership Motion, Verified Complaint and exhibits, Affidavit of William B. Lilly Jr., the Court's file, the representations and arguments of counsel, and the reasons stated on the record after the hearing by the Court (collectively, the "Record"), the Court finds that an emergency exists that requires or otherwise makes appropriate the immediate appointment of a general receiver on a temporary basis subject to further review pursuant to N.C. Gen. Stat. § 1-507.24(h) and otherwise orders as provided below.

1

1.     This Court has jurisdiction over the Receivership LLCs under N.C. Gen. Stat. § 1-75.4(1)(c) and (d) and any of their assets under N.C. Gen. Stat. § 1-75.8(1) and (5).

2.     Venue is proper in union County, North Carolina under N.C. Gen. Stat. § 1-79 and 1-80.

3.     Plaintiff seeks the appointment of a limited or general receiver over G and W Holding Company, LLC, G and W Industrial Properties, LLC, and ~~N935JC, LLC~~ (collectively, the "Receivership LLCs")

4.     Under the North Carolina Commercial Receivership Act, when certain criteria are met, the court may appoint a limited or general receiver. There are three applicable categories.

5.     First, under Section 1-507.24(c), the Court may appoint a limited receiver to protect a party that demonstrates an apparent right, title, or interest in property that is the subject of the action, if the property or its rents and profits is being subjected to or is in danger of waste, loss, dissipation, or impairment, or has been or is about to be the subject of a voidable transaction.

6.     Second, under Section 1-507.24(e), the Court may appoint a limited or general receiver if the entity meets any of the following criteria: (1) the person is insolvent; (2) the person is not paying its debts as they become due unless such debts are the subject of a bona fide dispute; (3) the person is unable to pay its debts as they become due; (4) the person is in imminent danger of insolvency; (5) the person suspends its business for want of funds; (6) the person has forfeited or has suspended its legal existence; (7) the person had its legal existence expire by limitation; or (8) the person is the subject of an action to dissolve such person.

7.     Third, under Section 1-507.24(g), the Court may appoint a receiver as provided by law and equity.

8.     Stearns Bank is entitled to the appointment of a general or limited receiver under all three categories.

9.     Garth Errol McGillewie Jr. died by suicide on June 21, 2023.

10.    McGillewie Jr. was the managing member and principal person in charge of the Receivership LLCs.

11.    With his death, there appears to be no person in charge to account for and preserve the assets of the Receivership LLCs.

12.    Stearns Banks alleges that McGillewie Jr. used the Receivership LLCs to engage in a massive fraud involving selling expensive heavy machinery out of trust.   The loss to Stearns Bank exceeds $3.8 million.

13.    The Verified Complaint alleges that the fraud impacted numerous additional creditors.   It includes exhibits evidencing a state-court receivership appointment for another LLC controlled by McGillewie Jr. – Applied Machinery Rentals, LLC, as well as six additional pending lawsuits against McGillewie Jr. and some or all of the Receivership LLCs.

14.    The Court has no reason to doubt these allegations in light of the pleadings and orders attached to the Verified Complaint.

15.    Stearns Bank also has alleged the possibility of a voidable transfer of real property and improvements involving at least one of the Receivership LLCs – G and W Industrial.

16.    As set forth in this Complaint, Stearns Bank has an apparent right and interest in the Receivership LLCs' property.   In addition, the property or its rents and profits is in danger of waste, loss, dissipation, or impairment.   As to G and W Industrial, it is the subject of a voidable transaction claim.

17.    Stearns Bank alleges upon information and belief that the Receivership LLCs have no employees or operations and exist solely to hold assets.

18.    Stearns Bank alleges that it knows of no plan to protect and preserve the assets of the Receivership LLCs, nor is it aware of any individual with the authority or ability to supervise the Receivership LLCs and orchestrate their orderly liquidation.

19.    Creditors besides Plaintiff and other interest holders would generally benefit from, or would otherwise not be prejudiced by, the appointment of a

3

receiver to account for the assets of the Receivership LLCs and arrange for an orderly wind down and liquidation.

20. Failure to appoint a limited or general receiver for the Receivership LLCs runs the risk that their assets could be transferred, assigned, or disposed of, and the proceeds dissipated, resulting in irreparable harm for Plaintiff and other creditors.

21. Stearns Bank alleges that it knows of no party that objects to the appointment of a receiver for the Receivership LLCs.

22. For these reasons, grounds exist to appoint a general receiver for the Receivership LLC.

23. Stearns Bank nominated Mr. William B. Lilly Jr. as the proposed general receiver.

24. Based on the Affidavit of Mr. Will Lilly and the Record, the Court finds that he is knowledgeable and experienced in handling the financial matters of a receiver and is a fit and proper party to act as a general receiver of the Receivership LLCs.

25. Mr. Will Lilly is independent and otherwise meet the eligibility requirements of N.C. Gen. Stat. § 1-507.25 to act as a general receiver of the Receivership LLCs.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED, AND DECREED as follows:

1. Plaintiff's Motion for Immediate Appointment of Receiver on Temporary Basis Subject to Further Review for G and W Holding Company LLC, G and W Industrial Properties LLC, and ~~N935JS, LLC~~ is **GRANTED**.

2. <u>Appointment and Oath</u>. Mr. Will Lilly is appointed general receiver (the "Receiver") over the Receivership LLCs ("the Receivership LLCs"). The Receiver shall serve until further order of this Court. Within ten (10) days of his appointment, the Receiver shall execute, file, and serve on the Receivership

LLCs and all counsel of record in this case an oath agreeing to accept the appointment as receiver and to perform the duties set forth in this Order. the oath shall certify that the Receiver will (1) act in conformity with North Carolina law and rules and orders of the Court; (2) avoid conflicts of interest; (3) not directly or indirectly pay or accept anything of value from the receivership estate that has not been disclosed and approved by the Court; (4) not directly or indirectly purchase, acquire, or accept any interest in the property of the receivership estate without full disclosure and approval by the Court; and (5) otherwise act in the best interests of the receivership estate.

3.    <u>Receiver's Bond</u>.  The Receiver shall obtain a surety bond in the amount of $5,000.00, to be provided by a corporate surety guaranteeing performance by the Receiver of the duties and obligations of the office of receivership, the bond to be payable to this Court in order to provide coverage to Plaintiff, the Receivership LLCs, and other parties as their respective interests may appear, for loss due to acts of the Receiver and his agents, servants, and employees. The Receiver will file a notice on the docket that he has obtained the bond within thirty (30) days of the date of this Order.   Notwithstanding the forgoing requirements, the Receiver's powers and duties as receiver of the Receivership LLCs begin immediately upon entry of this Order, and he may take all actions consistent with those powers and duties before executing his oath and posting the required bond.

4.    <u>Notice of Receivership</u>.  The Receiver shall give notice of the receivership to all creditors and other parties in interest actually known to the receiver by first-class mail within thirty (30) days after the time of appointment. The notice of the receivership shall include the time of appointment and the names and addresses of the Receivership LLCs, the Receiver, and the Receiver's attorney, if any.

5.    <u>Powers of the Receiver</u>.  The Receiver is vested with all powers available to a general receiver at law and equity, including, without limitation, the

powers specified in N.C. Gen. Stat. §§ 1-501 *et seq.*, §§ 1-507.20 *et seq.*, and other applicable law. Specifically, and without limiting the forgoing, the Receiver shall be vested with the full and exclusive power, duty, and authority to administer and manage the business affairs, funds, assets, choses in action and any other property of the Receivership LLCs; exercise all powers and authority that would customarily be exercised by the members, managers, and officers of the Receivership LLCs, and in such capacity have the full and exclusive power and authority to administer, manage and oversee all aspects of the business, affairs, and operations of the Receivership LLCs; to marshal, preserve, and safeguard any and all of the assets and properties of the Receivership LLCs (real, personal or mixed, tangible or intangible); the power to gain access to and obtain possession of any and all documents and records of or related to the Receivership LLCs and collateral in the possession or control of any person or entity, and to hold, demand, receive and collect all profits arising from or related to the Receivership LLCs and collateral and to bring such action at law or otherwise to enforce its rights to collect the said profits; potentially wind up the affairs of and dissolve the Receivership LLCs; and take whatever actions are necessary for the protection of the creditors of the Receivership LLCs. The Receiver shall exercise these powers in a manner consistent with the rights of creditors, employees and customers of the Receivership LLCs' businesses. the Receiver's powers also include, but are not limited to, the powers to:

    i. enter upon, receive, recover, and take complete and exclusive possession, control, and management of the Receivership LLCs' businesses, including the revenues, profits, and proceeds thereof, all security, utility, or other deposits, and all contracts, agreements, leases, and other matters pertaining thereto;

    ii. take and maintain possession of all records, data, reports, and other information pertaining to the Receivership LLCs' businesses, including, but not limited to, all books, documents, papers, and

6

electronic or other media relating to the Receivership LLCs' businesses;

iii.   preserve, protect, operate, manage, and maintain the Receivership LLCs' businesses and avoid waste thereto to the extent reasonably practicable;

iv.   obtain and maintain, with respect to the Receivership LLCs' businesses, casualty, liability, and such other types of insurance in such amounts and with such insurers as the Receiver deems necessary, naming the Receiver as an additional insured and the Receivership LLCs' businesses as the loss payee (or other parties with a security interest/contractual right to same) with respect to all casualty policies;

v.   obtain, renew and/or modify use, operating, and other licenses, permits, and approvals;

vi.   continue or complete any repair involving the Receivership LLCs' businesses, as the Receiver may deem necessary;

vii.   hire, employ or terminate managers, a management company to assist the Receiver in accomplishing his duties and such other contractors, subcontractors, consultants, brokers, marketing agents, or other employees, agents, independent contractors, attorneys, accountants, or professionals, as the Receiver deems necessary or appropriate to carry out the duties and powers under this Order. ~~With respect to the foregoing, the Receiver is affiliated with FMG and it is anticipated that he will hire them, without further order of the Court, to assist the Receiver with the performance of his duties hereunder. the Receiver shall advise the Court and the parties to this cause in writing of any other affiliate relationship or pecuniary interest of the Receiver in any service contract regarding the Receivership LLCs;~~

viii.   enforce, (or by their terms, modify, or terminate) vendor contracts, or other contracts related to the Receivership LLCs' businesses, within a

7

reasonable period of time after the appointment of the Receiver in his business judgment;

ix.    execute and deliver such documents and instruments as are necessary or appropriate to exercise the rights and powers herein granted or to consummate authorized transactions or sales pursuant to Order;

x.    perform and observe the requirements of, and correct, resolve, or cure any violations of laws, ordinances, and other legal requirements applicable to or affecting the Receivership LLCs' businesses;

xi.    conform to existing, or enter into new, leases, or other occupancy agreements as tenant, within a reasonable period of time after the appointment of the Receiver in his business judgment;

xii.    determine compensation and pay for employees, managers, agents, independent contractors, attorneys, accountants, or professionals for any modifications to the compensation existing as of the date of this Order;

xiii.    sell and convey inventory and other assets of the Receivership LLCs' businesses in the ordinary course of business without further order of the Court.

xiv.    sell the Receivership LLCs' businesses and/or assets in their entirety, including, but not limited to, a bulk sale transaction, with prior consent of the Court;

xv.    other than in the ordinary course of business, sell any and all portions of the Receivership LLCs' businesses, including, but not limited to, equipment, property, materials, or rights, with prior consent of the Court;

xvi.    obtain warranties from third-party providers to cover any products resold by the Receivership LLCs' businesses;

xvii.    sue for unpaid receivables, profits, payments, income, or proceeds in the name of the Receiver or the Receivership LLCs' businesses;

xviii.  institute, defend, or participate in legal actions in the name of the Receiver or the Receivership LLCs' businesses to protect and preserve the Receivership LLCs' businesses, to recover any part of the assets that may be improperly or illegally held by another, or for such other reasonable purpose as may be necessary and proper to enforce or implement this Order, through all trials, appeals, mediations, arbitrations, settlements, and all other resolutions of such legal proceedings, including, but not limited to, the power to issue and enforce subpoenas;

xix.  intervene in any pending action affecting the Receivership LLCs' businesses or the Receiver's duties;

xx.  exercise all rights of the Receivership LLCs, whether such rights are granted to it as tenant, licensee, or otherwise under the Limited Liability Company Act or the Receivership LLCs' organizational documents, including, but not limited to, serving and designating persons to serve as managers and officers, and exercising any right to approve or disapprove any actions of the Receivership LLCs' managers and officers, if any, and exercise any other rights that the Receivership LLCs may have.  As manager the Receiver may exercise all powers of such a manager, including, but not limited to, hiring management, and maintaining the Receivership LLCs' businesses.  Upon the Receiver's request, the Receivership LLCs shall also cause the resignation of its representatives on any outside association or board in favor of the Receiver's nominees.

6.  <u>Turnover</u>. The Receivership LLCs, together with its respective parents, subsidiaries, affiliates, officers, directors, shareholders, managers, members, owners, representatives, attorneys, agents, servants, and employees shall immediately and forthwith, and no later than two (2) business days from the date of

the entry of this Order, turn over to the Receiver (and the Receiver is authorized in any event to take):

    i.    all cash, inventory, equipment, accounts, assets, files, papers, contracts, records, documents, leases, insurance policies, money, bank accounts, permits, securities, choses in action, books of account, accounts receivable, licenses, purchase offers, purchase agreements, security deposits, memberships, servicing agreements, management agreements, computer files, web sites, permits, reports and any other documents or assets related to the finances, operations, and management of the Receivership LLCs' business;

    ii.    all income, revenues, proceeds and profits in their possession or control and received from the Receivership LLCs' business, now or in the future, and any and all checks, cash proceeds, or other instruments of funds representing payment of deposits or proceeds related to the finances, operations, and management of the Receivership LLCs' business;

    iii.    all storage lockers, post office boxes including, but not limited to any and all post boxes where customer invoices have directed payment to, and safety deposit boxes of the Receivership LLCs as well as all keys, combinations to locks, security codes, passwords, or authorizations in its possession or under its control which are required to (a) open or gain access to, and control of, any asset, web site, computer files, safe deposit or PO box or any portion of the Receivership LLCs' business operation or any of the instruments embodying it, or (b) gain access to and control any and all payments, profits, or income included in or arising from the Receivership LLCs' business, whether deposited in any bank or similar depository or located elsewhere.

    7.    <u>No Interference</u>.  The Receivership LLCs and all other parties are directed to cooperate with the Receiver to enable the Receiver to discharge the

responsibilities hereunder, and the parties, their respective officers, directors, shareholders, managers, members, owners, representatives, attorneys, agents, servants, and employees, and all third parties in active concert or participation with them or who receive actual notice of this Order, are enjoined from interfering in any manner with the Receiver's performance and discharge of the duties under this Order. the Receiver is granted full and exclusive right of possession of the business and assets of the Receivership LLCs to the exclusion of all others, and the Receivership LLCs together with its respective parents, subsidiaries, affiliates, officers, directors, shareholders, managers, members, owners, representatives, attorneys, agents, servants, and employees, shall cooperate with the Receiver to ensure the Receiver's effective possession, maintenance, and operation of the Receivership LLCs' businesses and assets.   The Receivership LLCs, and its members, managers, and officers shall also have all of the other duties described in N.C. Gen. Stat. § 1-507.30.

8.    Receiver's Retention of Professionals. The Receiver is hereby permitted to retain professionals in addition pursuant to N.C.G.S. § 1-507.31 (each, a "Receivership Professional"). In addition to reimbursement for reasonable expenses, the Receiver shall be compensated at the hourly rate of $350 per hour.  Parties objecting to the retention of a Receivership Professional must file a motion for disapproval of retention within 14 days after the filing of a notice by the Receiver pursuant to N.C.G.S. § 1-507.31.

9.    Compensation for Receiver and Receivership Professionals. The Receiver or any Receivership Professional shall file with the Court applications for the approval of compensation and reimbursement of expenses in connection with the receivership (in such case, "Receiver Expense Amounts"). Further, the Receiver shall provide to Stearns Bank (in form and substance reasonably satisfactory to Stearns Bank) a rolling budget of projected monthly Receivership Expenses Amounts for the following 120 day period (or otherwise the end of the anticipated administration by the Receiver if sooner), with (a) the initial budget being due

11

within 21 days following the entry of this Order and (b) subsequent budgets being due within 20 days of the preceding calendar month end and including a budget-to-actual comparison. Stearns Bank may pay Receiver Expense Amounts prior to their approval by the Court; provided, for the avoidance of doubt, that Stearns Bank shall not be required to pay any Receiver Expense Amounts unless Stearns Bank agrees otherwise in writing in Stearns Bank's sole discretion. To the extent such Receiver Expense Amounts are approved by the Court and paid by Stearns Bank (in such case, "Approved Stearns Bank Funded Amounts"), Stearns Bank shall be (i) entitled to recover from the proceeds of the disposition of the Stearns Bank Collateral ("Stearns Bank Proceeds") any Approved Stearns Bank Funded Amounts in addition to any other amounts Stearns Bank would be entitled to under the Stearns Bank Loan Documents (such other amounts, the "Stearns Bank Base Secured Claim") and (ii) to the extent Stearns Bank Proceeds are not sufficient to satisfy all Approved Stearns Bank Funded Amounts after Stearns Bank Proceeds are applied to the Stearns Bank Base Claim, Stearns Bank shall be entitled to an allowed claim in the amount of the remaining unpaid Approved Stearns Bank Funded Amounts pursuant to N.C.G.S. § 1-507.51(a)(2) superior in priority to all other claims with the otherwise same or junior priority under N.C.G.S. § 1-507.51. For the avoidance of doubt, the foregoing is without prejudice to the Receiver, a Receivership Professional or, with respect to Approved Stearns Bank Funded Amounts, Stearns Bank to seek recovery pursuant to N.C.G.S. § 1-507.51(b), and either the Receiver's or a Receivership Professional's lack of adequate assurance of payment for its services shall constitute grounds for relief from its duties in connection with the receivership.

   10.   <u>Receiver's Reports</u>. The Receiver shall prepare and cause to be filed with the Court and served on all parties in the action:

   i.   the Master Service List required by N.C. Gen. Stat. § 1-507.33(b) within thirty (30) days; and

ii.  an Initial Report and Inventory under oath within sixty (60) days of his appointment that provides a true and complete inventory of the receivership estate, including all of the Receivership LLCs' business assets, as nearly can be ascertained, an account of all known debts due from or to the receivership estate, and all other information required by N.C. Gen. Stat. § 1-507.32; and

iii.  an Initial Plan for the receivership estate within ninety (90) days that identifies (1) whether the goal of the receivership is to preserve and operate any business within the estate, to liquidate the estate, or to take other action, (2) the anticipated costs likely to be incurred in the administration of the receivership estate, (3) the anticipated duration of the receivership estate, (4) if an active business is to be operated, the number of employees and estimated costs needed to do so, (5) if property is to be liquidated, the estimated date by which any appraisal and sale by the receiver will occur, and whether a public or private sale is contemplated, and (6) any pending or anticipated litigation or legal proceedings that may impact the receivership estate; and

iv.  a regular Monthly Cash Receipts and Disbursements Report (including monthly bank statements) reflecting of all of his activities within twenty (20) days after the end of each month.

11.  <u>Proceedings</u>. Nothing herein shall delay or affect the prosecution of this action or any companion case or the entry of any further orders or any judgments in this action.

12.  <u>Receiver's Discharge</u>. The Receiver shall be deemed discharged upon an entry of an order discharging the Receiver; provided only that as a condition precedent to discharge, the Receiver must have filed with the Court and served on all parties a Final Report and Accounting satisfactory to the Court.

13.  <u>Defenses and Immunities</u>.  Pursuant to N.C. Gen. Stat. § 1-507.27, the Receiver and the employees, agents, attorneys, accountants, and other

professionals hired by the Receiver shall be entitled to all defenses and immunities provided by North Carolina law for all acts and omissions within the scope of the Receiver's appointment. Neither the Receiver nor the employees, agents, attorneys, accountants, and other professionals hired by the Receiver may be sued personally for any act or omission in administering receivership property without the approval of this Court.

14.    Jurisdiction. The Court reserves jurisdiction to enforce full compliance with the terms and conditions of this Order and with respect to clarification, interpretation, or modification of this Order until the Receiver is discharged in accordance with this Order.

15.    Hearing on Final Receivership Motion. The Receiver, in the Receiver's reasonable discretion, shall limit his actions with respect to the receivership (and shall similarly direct any Receivership Professional to limit its actions) to those necessary to account for, preserve, and/or maintain the assets of the Receivership LLCs or otherwise avoid irreparable harm with respect thereto through the Final Hearing as is practical.

16.    Interim Hearing. The Court may set a hearing on this Order or any other matter concerning the receivership as the Court may direct prior to the Final Hearing (in such case, an "Interim Hearing").

17.   <u>Notice of Receivership and Final Hearing.</u> 14 days following the entry of this Order, the Receiver shall provide notice of the entry of this Order and, to the extent determined and otherwise practical, notice of the Final Hearing to all creditors and other parties in interest actually known to the Receiver by first-class mail.

This the 7th day of July, 2023, at \_10\_ : \_65\_ a.m.

Superior Court Judge Presiding

18. The terms And powers granted in this order are to be reconsidered by the Court in conjunction with the return hearing on the TRO in this matter entered on this day. The return hearings are set for July 17, 2023 at 2:00 p.m. in Ctrm 7 of the Union County Judicial Center unless otherwise ordered by the Court.

This the 7th day of July, 2022.